UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


American Foods, LLC

     v.                                      Civil No. 25-cv-149-LM
                                              Opinion No. 2026 DNH 072 P

GKI Foods, LLC et al

### O R D E R

On April 6, 2026, this court granted Republic Franklin Insurance Company and Utica Mutual Insurance Company's (collectively "Utica") motion for judgment on the pleadings, thereby dismissing all counts against Utica. See doc. no. 46. In the same order, the court granted Home-Owners Insurance Company's ("Home-Owners") motion to dismiss all claims against it, too. Finally, the court granted in part and denied in part GKI Foods, LLC's ("GKI") motion to dismiss. Accordingly, only one claim against GKI exists in this litigation. Now before the court is Utica's motion for entry of separate and final judgment pursuant to Federal Rule of Civil Procedure 54(b). Doc. no. 50. No party has filed an objection. For the following reasons, Utica's motion (doc. no. 50) is denied.

Rule 54(b) provides that, in an action with "more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). "To certify a partial final judgment under this provision, a court 'first must ensure that the ruling underlying the proposed judgment is final.'" Guerrero Orellana v. Moniz, 813 F. Supp. 3d 185, 197 (D. Mass. 2025) (quoting Nystedt v. Nigro, 700 F.3d

25, 29 (1st Cir. 2012)), appeal filed, No. 26-1094 (1st Cir. Jan. 26, 2026). "This 'finality requirement is satisfied as long as the trial court action underlying the judgment disposed of all the rights and liabilities of at least one party as to at least one claim.'" Id. (quoting Amyndas Pharms., S.A. v. Zealand Pharma A/S, 48 F.4th 18, 28 (1st Cir. 2022)).

If the court finds that the finality requirement is met, the court must determine whether "there is no just reason for delay" in entering judgment on the resolved claims. Fed. R. Civ. P. 54(b). In so doing, the court must make "an individualized assessment of the desirability and effect of an immediate appeal." Quinn v. City of Boston, 325 F.3d 18, 26 (1st Cir. 2003). "The court must bear in mind the 'long-settled and prudential policy against the scattershot disposition of litigation.'" Guerrero Orellana, 813 F. Supp. 3d at 197 (quoting Amyndas Pharms., S.A., 48 F.4th at 28). "Other relevant factors include 'whether the disputed ruling raises legal or factual issues that overlap with any claims that remain pending in the district court' and 'how the equities and efficiencies of piecemeal review would compare to those in a single proceeding.'" Id. (quoting Britton v. Maloney, 196 F.3d 24, 27 n.2 (1st Cir. 1999)). The First Circuit has repeatedly emphasized that "the entry of 'judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties.'"

Amyndas Pharms., S.A., 48 F.4th at 28 (brackets omitted) (quoting Spiegel v. Trs. of Tufts Coll., 843 F.2d 38, 42 (1st Cir. 1988)).

Here, Utica has not articulated any reason why this is an "unusual" case warranting entry of separate judgment under Rule 54(b). Id. (quotation omitted); cf. Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 580 (1st Cir. 1994) (finding the district court's "rush" to enter judgment "problematic" because the record showed "no urgent need for immediate review"). What is more, in this court's order on Utica's and Home-Owners' Rule 12 motions, the court considered all the claims against the two defendants in a single discussion due to the substantial overlap between the legal theories asserted and the insurance policies at issue. See doc. no. 46 at 12-18. If the court grants Utica's request for separate entry of final judgment as to the claims against it, judicial efficiency would suffer because it is likely that the First Circuit would be forced to duplicate its efforts in adjudicating any potential appeal. See Lama-Wolobah, as Pers. Representative of the Est. of H.W. v. Paqui, LLC, No. 4:24-cv-12016-MRG, 2026 WL 905142, at *3 (D. Mass. Mar. 31, 2026) (the possibility that the reviewing court might be obliged to consider the same issue a second time counsels against entering judgment under Rule 54(b)). Thus, Utica fails to demonstrate that this is an appropriate case for this court to deviate from the "long-settled and prudential policy against the scattershot disposition of litigation." Amyndas Pharms., S.A., 48 F.4th at 28.

## CONCLUSION

For all these reasons, Utica's motion for entry of final judgment pursuant to Rule 54(b) (doc. no. 50) is denied.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

June 15, 2026

cc:    Counsel of Record

4